IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIRST FINANCIAL BANK, N.A. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 06-5314 |
| J.P. MORGAN CHASE & CO., et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                March 30, 2009

This is an action to recover losses alleged to have been the result of a dishonored

check.   It was removed to this court on December 5, 2006.   Jurisdiction is diversity.[1]  28

U.S.C. § 1332.

According to the complaint, the pertinent facts are as follows.  On March 3, 2006, a

check made payable to A-1 Marine International in the amount of $156,923.66 was deposited

in A-1's account at Sun Ridge Bank, a division of plaintiff.  Second Amended Complaint, ¶¶

13, 15.  On March 24, 2006, plaintiff First Financial Bank, N.A., received the check without

notice of irregularities or defenses. Id., ¶ 16.  The check was properly endorsed by the payee,

A-1, and plaintiff accepted it in good faith and placed a provisional hold on the proceeds

pending collection. Id., ¶¶ 17, 18. Plaintiff forwarded the check for collection and clearance

to its correspondent, J.P. Morgan Chase, which presented it for payment to the National Bank

of Canada, which, in turn, presented it to the Royal Bank of Canada. Id., ¶¶ 19, 20.

---

[1] Plaintiff is a citizen of Ohio; defendant Royal Bank of Canada is a citizen of Canada; defendant J.P. Morgan Chase is a Delaware corporation with a principal place of business in New York; and defendant National Bank of Canada is a citizen of Canada.  Since the filing of this motion, defendants Royal Bank of Canada and J.P. Morgan Chase have been voluntarily dismissed from the action.  Docket nos. 52 and 55.

After plaintiff released the proceeds to A-1's account on April 10, 2006, A-1 immediately withdrew substantially all of the funds. Id., ¶¶ 25, 28. On April 17, 2006, plaintiff was notified by J.P. Morgan that the item was being returned by RBC as a "Fraudulent Check," and on that same date, J.P. Morgan charged back $156,923.66 against plaintiff. Id., ¶¶ 30, 32. Unsuccessful demands by plaintiff were made on the other banks.[2] Id., ¶ 33.

NBC's motion to dismiss for lack of personal jurisdiction because of insufficient minimum contacts with this forum will be granted.[3]

A district court exercises personal jurisdiction according to the laws of the state in which it sits. Fed. R. Civ. P. 4(k)(1)(A). The Pennsylvania long-arm statute provides that the district court "may exercise jurisdiction under this subchapter only where the contact with this Commonwealth is sufficient under the Constitution of the United States." 42 Pa.C.S.A. § 5308. Whether such contact is sufficient depends in part on whether the cause of action arose from conduct occurring within the forum. If it did not, "the defendant's contacts with

---

[2] It is plaintiff's position that each of the other banks unreasonably delayed advising plaintiff that the check was not collectible. Plaintiff released the funds in good faith, relying on the absence of notice or return of the check, which, plaintiff asserts, should have been forthcoming sooner. Complaint, ¶¶ 21-27.

[3] As alleged, all of the relevant conduct, including that of NBC, took place outside of Pennsylvania. As such, there is no basis for the exercise of specific jurisdiction over NBC. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.7 (1984) ("It has been said that when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' [as contrasted with general jurisdiction] over the defendant.")

the forum must be qualitatively and quantitatively greater than [in instances] where the cause of action is forum-related." Compagnie Des Beauxite De Guinee v. L'Union Atlantiques S.A. D'Assurance, 723 F.2d 357, 362 (3d Cir. 1983), citing International Shoe Co. V. Washington, 326 U.S. 310 (1945).

It is plaintiff's burden to show that a defendant maintained continuous and substantial forum affiliation in order for a court to exercise general jurisdiction over it. Provident Nat'l. Bank v. California Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987) (internal citations omitted) ("Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction. . . . Plaintiff must show that the defendant carried on 'a continuous and systematic part of its general business within [the] Commonwealth.'").

A corporation may be subject to this court's general jurisdiction if incorporated in Pennsylvania, or licensed as a foreign corporation, or consents to jurisdiction, or carries on a 'continuous and systematic part of its general business' within the Commonwealth. Endless Pools, Inc. v. Wave Tec Pools, Inc., 362 F.Supp.2d 578, 582 (E.D. Pa. 2005). Here, however, plaintiff has not demonstrated that any of these circumstances exist.

NBC, a bank incorporated under the Bank Act of Canada, maintains its corporate offices in Quebec. Affidavit of Jason Desroches, Exhibit "A" to defendant's motion, ¶ 3. It does not have a Certificate of Authority to do business in the Commonwealth of Pennsylvania. Affidavit, 4.1. In 1996, NBC did receive permission from the Department of

Banking to open an office in Pennsylvania, but in 2002 - four years before the events giving rise to this action - NBC advised the Department that it had closed its Pennsylvania office. Affidavit, 4.b.  Since 2002, NBC has not maintained an office or place of business in Pennsylvania, has not owned or leased personal or real property, and does not have officers or directors domiciled here.  Affidavit, 4.c, 4.d, 4.e.  Further, NBC does not pay taxes in Pennsylvania and has no telephone listing.  Affidavit, 4.f, 4.g.

Plaintiff counters that, as alleged in its complaint, NBC maintains an office in Radnor, Pennsylvania.  Complaint, ¶ 7.  NBC's answer to the complaint denied this, and the affidavit attached to its motion explained that the office is that of Lovell Minnick Partners LLC, which is the successor to and continuation of the private equity business of Putnam Lovell Capital Partners, an affiliate of NBC.  NBC is also tenuously connected to Lovell Minnick in that NBF Private Equity Holdings, Inc., an indirect subsidiary of NBC, owns shares of Lovell Minnick.  NBC and Lovell Minnick do not have common officers or directors.  Affidavit, 14 a.-d.

In short, an indirect subsidiary of NBC owns a stock interest in a business operating in the Commonwealth.  This alone is not a sufficient basis for the exercise of general jurisdiction.  Rose v. Continental AG, 2001 WL 236738, at *3 (E.D. Pa., filed Mar. 2, 2001), quoting Lucas v. Gulf Western Indus., Inc., 666 F.2d 800, 805-06 (3d Cir. 1981) ("'Generally, a foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of a subsidiary doing business in that state.'")

4

Plaintiff contends, however, that in addition to its relationship with Lovell Minnick, NBC's own activities in Pennsylvania warrant the exercise of personal jurisdiction. In particular, plaintiff argues that, prior to 2002, NBC was engaged in the mortgage-lending business in Pennsylvania, and in 2002, NBC completed the sale of its asset-based lending program to PNC Financial Services Group in Pennsylvania for an estimated $115 million. NBC 2002 Third Quarter Report, at 13, Exhibit 2 to plaintiff's opposition. Plaintiff suggests that NBC may have continued to receive compensation from PNC following the sale, but it does not submit any facts to support this supposition. Plaintiff's Opposition, 5. None of the information offered by plaintiff demonstrates continuous and systematic contacts with Pennsylvania sufficient to permit the exercise of general jurisdiction over NBC.[4]

In its opposition to NBC's motion, plaintiff requested the transfer of this action to the Southern District of New York should it be determined that this court lacks jurisdiction over NBC. NBC's reply does not speak to this point. "Where a court finds 'a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was

---

[4] Plaintiff also argues that NBC waived the jurisdictional issue because it did not timely raise the defense. However, the procedural history of NBC's involvement in the case does not support this contention. This action was removed to this court on December 5, 2006, but NBC was not joined until September 21, 2007, when plaintiff filed its second amended complaint. NBC entered an appearance in November 2007 and filed an answer on December 4, 2007 that raises the defense of lack of personal jurisdiction. In May 2008, NBC filed its motion to dismiss on jurisdictional grounds. Though NBC participated in Rule 16 conferences and a settlement conference, the six-month delay in filing its motion does not constitute a waiver of the defense.

filed." 28 U.S.C. § 1631.  NBC was served in Manhattan, which is in the Southern District

of New York (docket no. 26).  Moreover, plaintiff asserts that defendants RBC and J.P.

Morgan "have significant corporate presence in New York City," plaintiff's opposition at 14.

The action, therefore, could have been brought there when it was filed more than two years

ago.  Transfer of this case will serve the interests of justice and judicial economy.  Plaintiff

will not need to refile its claim in New York.  See Stinnett v. Atlantic City Showboat, Inc.,

2008 WL 1924125, at * 6 (E.D. Pa., Apr. 28, 2008).


                              BY THE COURT:



                               /s/ Edmund V. Ludwig
                              Edmund V. Ludwig, J.